WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deluxe Marketing, Inc. and Jeremy Larson,<br><br>            Plaintiffs,<br><br>vs.<br><br>deluxemarketingincscam.wordpress.com, et al.,<br><br>            Defendants. | No. CV-13-02144-PHX-SPL<br><br>**ORDER** |

Before the Court are Plaintiffs' Motion to Extend Deadline for Service of Process (Doc. 14) and Motion for Leave to Conduct Discovery (Doc. 15). For the reasons that follow, both will be denied and this action will be dismissed.

**I.    Background**

Plaintiff Deluxe Marketing, Inc., a marketing campaign services provider, and Plaintiff Jeremy Larson, its Chief Executive Officer, filed a Complaint on October 21, 2013. (Doc. 1.) Plaintiffs bring an action for defamation, cybersquatting, and declaratory judgment against John Does 1-10 ("Doe Defendants"). Plaintiffs allege that between November 2012 and August 2013, they were the targets of false, defamatory, and damaging reports posted by unknown individuals on various internet sites such as ripoffreport.com and pissedoffedconsumer.com. Plaintiffs further allege that Doe Defendants 9 and 10 created and used "deluxemarketinginctimewarner.blogspot.com" and "deluxemarketingincscam.wordpress.com" to gain commercial advantage over

Deluxe Marketing.

## II.     Motion to Compel

Plaintiffs move "for an order authorizing Plaintiffs to conduct early discovery for the purpose of identifying Defendants John Does 1-10." (Doc. 15 at 1.)[1] Plaintiffs aver that they have an outstanding subpoena that will disclose the internet protocol ("IP") addresses associated with the anonymous individuals who posted the defamatory content. (Doc. 15 at 2.) Once they obtain the IP addresses from the subpoenaed party, Plaintiffs maintain that they should be afforded an opportunity to seek discovery from the affiliated internet service provider ("ISP") to obtain the identity of the associated subscribers. (*Id*.)

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, the court may authorize discovery prior to a Rule 26(f) conference upon a showing of "good cause." In determining whether there is good cause to allow expedited discovery to identify anonymous defendants, the court may consider whether the plaintiff:

> (1) can identify the missing party with sufficient specificity that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) has identified all previous steps taken to locate the elusive defendant; (3) suit against the defendant could withstand a motion to dismiss; and (4) has demonstrated that there is a reasonable likelihood of being able to identify the defendant through the requested discovery, thus allowing for service of process.

*Riding Films, Inc. v. John Does I-CCL*, 2013 WL 2152552 (D. Ariz. May 16, 2013) (internal citations omitted). *See also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (finding a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (quotation and citation marks omitted). Plaintiffs have failed to meet this standard.

Even if Plaintiffs obtain IP addresses, they do not show that there is a reasonable

---

[1] Plaintiffs request an order pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information upon order of the court.

likelihood that they will uncover the identities of Doe Defendants from the ISP providers. "Multiple people may, and often do, use a single ISP subscription—family members, roommates, guests, or other individuals (unknown to the subscriber) who access the internet using any unprotected wireless signals they can find." *Hard Drive Productions, Inc. v. Does 1-90*, 2012 WL 1094653 (N.D. Cal. March 30, 2012). As Plaintiffs concede in their motion, "merely knowing the name of the subscriber can, at times, be insufficient information to discover who should be named as defendants in the matter. If this occurs, Plaintiffs may need to issue interrogatories or take the depositions of the subscribers for the limited purpose of discovering who had access to the subscriber's connection and ultimately, the identities of the Doe Defendants." (Doc. 15 at 2-3.) However, Plaintiffs offer nothing to demonstrate that the individuals who posted the defamatory content and the ISP subscribers associated with the forthcoming IP addresses *will likely* be the same individuals. The Court recognizes that absent early discovery, Plaintiff likely cannot pursue its claims. However, Plaintiffs are not entitled to take discovery to uncover Doe Defendants' identities when it is not even clear that the requested discovery will actually result in identifying them. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (discovery should not be permitted to discover facts supporting claims).

Further, it is doubtful that the complaint would withstand a motion to dismiss. With regard to Doe Defendants 9 and 10 and their alleged affiliated domains,[2] Plaintiffs fail to sufficiently allege claims for cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"). *See* Fed. R. Civ. P. 12(b)(6). The ACPA states that

> [a] person shall be liable in a civil action by the owner of a mark ... if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark ...; and (ii) registers, traffics in, or uses a domain name … that is confusingly similar to another's mark or dilutes another's famous mark.

15 U.S.C. § 1125(d)(1)(A). Plaintiffs essentially allege that Doe Defendants used internet sites to defame the business practices of Plaintiffs in order to gain a commercial

---

[2] deluxemarketinginctimewarner.blogspot.com and deluxemarketingincscam.wordpress.com

advantage over consumers. Plaintiffs do not state sufficient facts to allege bad faith intent. "The use of a domain name to engage in criticism or commentary even where done for profit does not alone evidence a bad faith intent to profit," and "constitutes a bona fide noncommercial or fair use" under the ACPA. *Lamparello v. Falwell*, 420 F.3d 309, 320 (9th Cir. 2005) (internal citations and brackets omitted). *See also* 15 U.S.C. § 1125(d)(1)(B)(i) (listing nine non-exhaustive factors to consider when determining whether a defendant had a bad faith intent to profit from use of a mark). Furthermore, to the extent the domains are alleged to be used as a venue to criticize Plaintiffs' business, the complaint fails to state an existence of confusion over the source of the domain. While there may be potential for initial, temporary confusion stemming from the domain names, "[s]uch fleeting confusion is not sufficient to establish a likelihood of confusion." *Aviva USA Corp. v. Vazirani*, 902 F.Supp.2d 1246, 1267 (D. Ariz. Oct. 2, 2012)

      The action is equally vulnerable to dismissal on jurisdictional grounds. *See* Fed. R. Civ. P. 12(b)(2). Plaintiffs appear to assert specific personal jurisdiction over Doe Defendants based on the acts that gave rise to this lawsuit. *See* 28 U.S.C. § 1391(b); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 fnt. 15 (1985) (noting there are two types of personal jurisdiction, general and specific). Plaintiffs allege "Defendants intentionally directed activities towards the State of Arizona including but not limited to posting comments on a website owned and operated by an Arizona company." (Doc. 1 at ¶ 8.) As a general matter, Doe Defendants posting of defamatory comments on a nonparty internet site whose owner is located in this forum "does not qualify as purposeful activity invoking the benefits and protections of Arizona." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997). Rather, Doe Defendants must have aimed their intentional tort at the forum state. *See Walden v. Fiore,* __U.S. __, 134 S.Ct. 1115, 1121–23 (2014) ("A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum."); *Calder v. Jones,* 465 U.S. 783, 789-90 (1984); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006). Here, the complaint specifically alleges that Doe

1
2
3
4
5
6
7
8
9
10 Defendants posted libelous internet material "in a purposeful attempt to damage Plaintiffs' good names, reputations, and business." (Doc. 1 at ¶ 157.) Deluxe Marketing is alleged to be incorporated in Nevada and doing business in California (Doc. 1 at ¶ 1-2), and the complaint's various allegations specifically suggest that the postings were aimed at those forums (*see e.g.,* Doc. 1 at ¶¶ 29, 98, 132). Thus Plaintiffs fail to state allegations which show Doe Defendants would have sufficient minimum contacts with Arizona for personal jurisdiction to be asserted over them. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) ("Due process requires a nonresident defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

11
12
13
14
15
16
17
18
19 Lastly, "the burden [and] expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Should Plaintiffs obtain the IP addresses from the subpoenaed parties as they suggest, allowing them to subpoena ISPs to obtain detailed personal information concerning those IPs has the likely potential to draw numerous innocent internet users into this litigation. Granting the request would impermissibly subject unknown numbers of potentially unrelated individuals who would never be made a party to this suit to onerous and invasive discovery. The risk and burden imposed by the requested discovery is not outweighed by the mere hope that something helpful might arise from it. Therefore, the motion to compel will be denied.

20 **III.   Motion for Extension of Time to Serve Defendants**

21
22 Plaintiffs further move for "an additional six months to complete service of process in this matter." (Doc. 14 at 1.)

23
24
25
26
27
28 "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with" Rule 4(m) of the Federal Rules of Civil Procedure. *Crowley v. Bannister*, 734 F.3d 967, 975-6 (9th Cir. 2013) (quotation marks and citation omitted). Rule 4(m) requires the Court to extend the 120 day time frame for service if a plaintiff shows good cause for the failure to serve. "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.

1991). However, a court has "broad discretion" to extend the time for service under Rule 4(m), even absent a showing of good cause. *See Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007). A court may consider various factors including prejudice to the defendant, actual notice, a possible limitations bar, and eventual service. *Efaw*, 473 F.3d at 1041.

> On June 30, 2014, the Court advised Plaintiffs that
>
>> After review of the file, the Court notes that the complaint in this matter was filed on October 21, 2013 and has not been properly served on the Defendants within the time required by Rule 4(m), Federal Rules of Civil Procedure.
>>
>> Plaintiff responded to the Court's previous Order (Doc. 9) with a status report indicating that Plaintiff is attempting to determine the identity of the Defendants. This case has been pending without service of the complaint for more than 7 months.
>>
>> IT IS ORDERED that Plaintiff shall have until July 31, 2014 to complete service of the summons and complaint upon all defendants in this matter. The Court will not grant further extension of this deadline absent truly extraordinary circumstances.

(Doc. 11.) In response to the Order, Plaintiffs did not complete service on any one defendant. Instead, in conjunction with its motion to compel, Plaintiffs moved for a six month extension of time to serve Doe Defendants to facilitate further discovery of their identities.

Plaintiffs urge that they "have not been idle. Plaintiffs have posted the required *Mobilisa* notices, identified the owners of the relevant domains, and issued subpoenas to each of them." (Doc. 14 at 4.)[3] The Court is not persuaded that Plaintiffs have diligently attempted to accomplish service and prosecute their action. Despite having filed the complaint almost one year ago, Plaintiffs filed the instant motions only now, after they were prompted to do so by the Court's Order. Plaintiffs similarly assert that

---

[3] While the Court does not dispute the veracity these contentions, it notes that the Court's docket only indicates that Plaintiffs have subpoenaed one non-party, Xcentric Ventures, LLC, on January 17, 2014. (Doc. 7.)

> Doug Marzean is indeed behind at least one of the Rip Off Report postings and the Blogspot website. Plaintiffs have identified what they believe is Mr. Marzean's address and plan to amend their Complaint in the next week to name Mr. Marzean. Plaintiffs believe that Mr. Marzean may be behind the remaining posts, but do not yet have sufficient evidence to properly plead that allegation in their complaint.

(Doc. 14 at 4.) Yet to date, Plaintiffs have not filed an amended complaint to name and serve this individual, the only defendant that Plaintiffs purport to have identified.[4] The Court therefore concludes that Plaintiffs have not shown good cause for their failure to complete service on any defendant.

Further, the record shows no basis for further extending the time for service. To the contrary, the record suggests that an extension of time would be futile. Because service on Doe Defendants cannot be effected without identifying information, Plaintiffs offer their discovery plan, which begins with subpoenaing "the companies that own domains where the defamation was posted or the cybersquatting occurred seeking any identifying information for the person who posted the material or created the websites." (Doc. 14 at 3.) However, again, this discovery plan "is only the first step in a lengthy extra-judicial investigation that may or may not lead to naming any Doe defendants in this lawsuit." *Hard Drive Productions, Inc. v. Does 1-90*, 2012 WL 1094653 (N.D. Cal. March 30, 2012). Plaintiffs argue that extraordinary circumstances exist which warrant additional time to complete service because the statute of limitations will operate to bar them from any future recovery if this case is dismissed. *See* A.R.S. § 12-541. Plaintiffs' failure to timely prosecute this action in the first instance however, diminishes any confidence in the likelihood that they will successfully construct a case that can be litigated. Accordingly,

---

[4] Further, even if Plaintiffs amended the complaint to name this defendant, an issue of improper joinder would remain because the various claims alleged do not appear to arise from the same transaction or occurrence, or a series of related transactions or occurrences. *See* Fed. Rule Civ. P. 20; *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 496 (D.Ariz. Mar. 01, 2012); *Pacific Century Intern. Ltd. v. Does*, 2011 WL 5117424 (N.D.Cal. Oct. 27, 2011); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1157 (N.D.Cal. Aug. 23, 2011).

**IT IS ORDERED:**

1. That the Motion for Leave to Conduct Discovery (Doc. 15) is **denied**;
2. That the Motion to Extend Deadline for Service of Process (Doc. 14) is **denied**;
3. That this action is **dismissed without prejudice** for failure to complete service of process; and
4. That the Clerk of Court shall terminate this action.

Dated this 19th day of August, 2014.

Honorable Steven P. Logan
United States District Judge